**William Perry SHEPHERD, Appellant,**

**v.**

**DEPARTMENT OF REVENUE of the State of Missouri et al., Respondents.**

**No. 23987.**

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

O. E. Brown, Sedalia, for appellant.

Thomas F. Eagleton, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondents.

HUNTER, Judge.

The director of revenue, charged with the duty of revoking vehicle operating privileges under the "point system" (See Section 302.304, V.A.M.S.) [1] revoked plaintiff-appellant's chauffeur's license for a twelve month period.

Plaintiff, William Perry Shepherd, filed a petition for review in the circuit court of the county of his residence, Pettis County, under Section 536.100 et seq., of the Administrative Review Act, Chapter 536, as provided for by Section 302.311, joining as defendants "Department of Revenue of the State of Missouri, Safety Responsibility Unit, P.O. Box 506, Jefferson City, Missouri, H. J. Turnbull, Supervisor, and A. C. Abbott". The cause was tried by the circuit judge and judgment was rendered affirming the order of the director of revenue. . Plaintiff appealed to the Supreme Court, and that court, after noting there was no constitutional question raised, or other matter that gave that court jurisdiction, transferred the appeal to this court. In so ruling the Supreme Court said, "Examining the matter of jurisdiction sua sponte, as it is our duty to do, we find no ground for the exercise of jurisdiction by this Court. Neither the Department of Revenue of the State of Missouri nor the safety responsibility unit of that department, is a 'state officer' within the meaning of the constitutional provision. Defendant H. J. Turnbull is named in the caption as supervisor of the safety responsibility unit, and defendant A. C. Abbott is sued in his individual capacity. The Missouri Blue Book 1961–1962 lists H. J. Turnbull as supervisor of driver's license registration, not supervisor of safety responsibility. According to that publication A. C. Abbott was supervisor of the safety responsibility unit. The supervisors of these divisions of the department of revenue are not state officers". See, Shepherd v. Department of Revenue of the State of Missouri, Mo., 370 S.W.2d 381.

Chapter 302, RSMo 1959, controls the requirement of, the issuance of and the suspension and revocation of drivers and chauffeurs licenses. A study of that chapter reveals that it is the Director of Revenue, in his official capacity as a state officer, who has the ultimate duty and responsibility for the issuance, suspension and revocation of such licenses. The statute mentions no other person or agency in this connection, and the authority granted by the statute is specifically to him in his official capacity and as a state officer.

Illustrative of the above statement are: Section 302.120 "1. The director of revenue shall file every application for a license * * *." Section 302.171 "Application for a chauffeur's license or a motor vehicle operator's license shall be made upon an approved form furnished by the director". Section 302.177 "1. To all applicants for chauffeur's license who submit a satisfactory application and meet the requirements set forth in this chapter, the director shall issue or renew a chauffeur's license * * *." Section 302.225 "2. Whenever any person is convicted of any offense or series of offenses for which this chapter makes mandatory the suspension or revocation of the operator's or chauffeur's license of such person by the director * * *." Section 302.281 "The director shall suspend the license" for an unsatisfied judgment. Section 302.291 "The director" may require examination to determine if one is incompetent or unqualified. Section 302.301 "The director" may impose restrictions on licenses. Section 302.302 "The director of revenue shall put into effect a point system for the suspension and revocation of chauf-

---

1. All section and chapter citations refer to RSMo 1959, and V.A.M.S.

feurs' and operators' licenses". Section 302.304 "The director shall" suspend or revoke for accumulated points in excess of the allowed minimum number. Section 302.309 "The director of revenue" may return licenses at end of period of suspension or revocation.

■ While Section 302.010 "Definitions" provides "(5) 'Director', the director of revenue acting directly or through his authorized officers and agents" it is clear that this merely recognizes that he may perform certain of his work by authorized employees, who in final concept act for and on his behalf.

Of particular interest are the provisions of Section 302.311: "In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo., for the review of administrative decisions at any time within thirty days after notice that a license is denied or witheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require".

In the case before us plaintiff-appellant had his chauffeur's license revoked by the director of revenue who gave as his reason, "Twelve points assessed against your driving record, Section 302.304, paragraph 3". Plaintiff appealed the director's order by filing a timely petition for review as provided by Section 302.311 in which he alleged "that the action of the Department of Revenue is capricious and arbitrary and unreasonable and made without authority of law and without any hearing on the matter". Plaintiff also pleaded personal hardship conditions, presumably in view of Section 302.309(3). He prayed the court to inquire into the justice of his claims and to enjoin respondent to forego further action "in said matter" until further order of the court.

At the trial in the circuit court plaintiff endeavored to broaden his contentions somewhat by attempting to show by evidence that the director erred in accumlating twelve points against him because the municipal court traffic conviction judgments used to reach that total were based on charges commenced by inadequate informations that failed to sufficiently specify the charge or to name the particular ordinance by number. He also adduced some evidence on the personal hardship allegation.

■ Referring again to Chapter 302, we believe it is clear that the director of revenue is a necessary party to any appeal authorized by Section 302.311 taken from a driver's or chauffeur's license suspension or revocation order of the director of revenue made under authority of color of the powers granted him in Chapter 302.

■ As stated in 67 C.J.S. Parties § 1(2), page 890, the term *necessary party* has been variously defined as "persons who are so vitally interested in the object or subject matter of the controversy that a valid judgment or decree, adjudicating the subject matter, cannot be effectively rendered without their presence as parties; persons who have such an interest in the controversy that a final judgment or decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final adjudication may be wholly inconsistent with equity and good conscience; persons who have or claim material interests in the subject matter, which interests will be directly affected by an adjudication of the controversy. The term 'necessary party'

has also been used to designate the real party in interest, under a code provision that the action must be prosecuted by such a party". And, see Supreme Court Rule 52.04, V.A.M.R.; 39 Am.Jur., Parties, Section 5, pages 852–854; Buford v. Lucy, Mo., 328 S.W.2d 14(6).

The statutory appeal from the director of revenue's order, authorized by Section 302.311, provides a de novo trial. A judgment of the nature apparently sought here, if effective, would of necessity have to operate on him and directly affect him in the discharge of his duties as director of revenue. It is his official order that is to be reviewed de novo and to be sustained, set aside or modified. He may be ordered to grant the license requested (Section 302.-311). It is vital that he in his official capacity be a named party defendant.

■■ The general rule concerning the omission from a case of a necessary party is stated in 3 Am.Jur., Appeal and Error, Section 311, page 70, "It is well settled that the objection cannot be raised for the first time on appeal or writ of error, except in the case of the nonjoinder of indispensable or necessary parties, in which latter case the objection may ordinarily be raised for the first time in the appellate court, unless the complaining party is himself responsible for such defect". And, see, 39 Am.Jur., Parties, Section 5, pages 852–854. In Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973, 136 A.L.R. 177, it was held that the absence of a necessary party to an action is fundamental and jurisdictional to such an extent it must be considered by an appellate court. We think this is particularly true where the necessary party is a state officer given by statute the ultimate responsibility for the licensing order at issue, and whose presence or lack of presence as a party defendant determines appellate jurisdiction.

Because of the absence of a necessary party to this proceeding, the director of revenue, this appeal is dismissed.

All concur. ·