William L. HUFFMAN, Respondent,

v.

DEPARTMENT OF REVENUE, State of Missouri, Appellant.

No. KCD 27214.

Missouri Court of Appeals, Kansas City District.

May 5, 1975.

**108** 

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

James J. Wheeler, Keytesville, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

PER CURIAM:

The Director of Revenue, acting pursuant to Section 302.304, sub. 3, RSMo Supp.1972, V.A.M.S., revoked respondent's motor vehicle operator's license for a period of one year beginning August 16, 1973, because respondent had accumulated 12 points in twelve months. Respondent appealed by filing a petition for review of this revocation in the circuit court of the county of his residence, as provided for by Section 302.311, RSMo 1969, V.A.M.S., joining as defendant the "Department of Revenue, State of Missouri."

The circuit court heard the cause on January 14, 1974, found that the order of revocation was erroneously made and ordered that the proper order would have been suspension of the operator's license for a period of 90 days from September 16, 1973. The defendant appeals.

█ On the appeal, we are immediately confronted by the question of the trial court's jurisdiction and, even though not raised by appellant, must consider it ex gratia. See Howell v. Reynolds, 249 S.W. 2d 381 (Mo.1952); March v. Gerstenschlager, 322 S.W.2d 743 (Mo.1959). In Shepherd v. Department of Revenue, 377 S.W. 2d 525 (Mo.App.1964), the court noted that the statutory responsibility for the revocation of motor vehicle operator licenses under chapter 302 was that of the Director of Revenue in his official capacity as a state officer and that the Director of Revenue was a necessary party to any appeal authorized by Section 302.311. Further, the court pointed out that Section 302.311 provides for a trial de novo and that any

judgment sought by the appealing party would have to operate on the Director of Revenue and directly affect him in his official capacity. *Shepherd* thus held that it was absolutely vital that the Director of Revenue in his official capacity, be named a party defendant and that the failure to do so was fundamental and jurisdictional and called for dismissal of the appeal.

█ It follows that in this case respondent's failure to join the Director of Revenue in his official capacity as a party defendant in the circuit court was a jurisdictional defect. Since the circuit court had no jurisdiction, its judgment was absolutely void. Randles v. Schaffner, 485 S.W.2d 1 (Mo.1972).

Accordingly, the judgment is reversed, and the cause is remanded with directions that it be dismissed for want of jurisdiction. It is so ordered.

All concur.