**PAYLESS PHARMACY, INC., et al.,**
**Plaintiffs-Appellants,**

v.

**Dennis K. HOFFERT,**
**Defendant-Respondent.**

**No. 41365.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1979.

---

2. Movant makes no challenge as to the sufficiency of the publication or its effect on the dissolution or the distribution of the marital property.

Irl B. Baris, St. Louis, for plaintiffs-appellants; Robert W. Saitz, St. Louis, of counsel.

John Ashcroft, Atty. Gen., Arnold R. Day, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

GUNN, Judge.

Appellants are corporations charged by the State of Missouri with a civil tax liability. They filed a petition for writ of prohibition in the St. Louis circuit court seeking to prohibit respondent Dennis K. Hoffert as a hearing officer for the department of revenue from conducting a formal hearing on the reassessment of appellants' tax liability. The writ was preliminarily granted by the circuit court. Motions to dismiss the petition and quash the writ were filed asserting the failure to join the director of revenue as an indispensable party and attacking the venue alleged to be in Cole County, rather than the City of St. Louis. The motions to dismiss the petition were granted and the preliminary writ of prohibition was quashed with this appeal following. We affirm.

■ Appellants argue that the director of revenue is not an indispensable party to the prohibition proceedings as, they postulate, it is Hoffert who is to conduct the hearing which they seek to prohibit. But appellants' support for their contention is too frail to stand the wind of reason as they overlook the fact that Hoffert wears his costume of authority as an authorized agent of the director of revenue with no independent source or vestment of authority for any purpose dealing with the tax reassessment proceedings.

Section 144.240, RSMo 1978, in effect at the time of appellants' petition and relating to reassessment petitions, provides that a petition for reassessment be directed to the director of revenue:

> Any person against whom an additional assessment is made by the director of revenue, under the provisions of sections 144.010 to 144.510, may petition the *director of revenue* for a reassessment thereof. (emphasis added)

It is manifest from the foregoing statute that the director of revenue is essential to the reassessment proceedings which appellants seek to halt. Consequently, as properly determined by the trial court, the director of revenue as an indispensable party must be joined in the prohibition proceedings with the writ directed to him—not the hearing officer. *Kingsley v. Burack*, 536 S.W.2d 7 (Mo. banc 1976); Rule 52.04. *See*

*also: Morgan v. Wartenbee,* 569 S.W.2d 391 (Mo.App.1978).[1]

In *Huffman v. Department of Revenue,* 523 S.W.2d 107 (Mo.App.1975), and *Shepherd v. Department of Revenue,* 377 S.W.2d 525 (Mo.App.1969), the director of revenue in his official capacity was held to be essential to a license revocation appeal as he was directly affected in such capacity. The appeals from the revocation proceedings were dismissed for failure to include the director. *Huffman* and *Shepherd* are analogous to and congruent with the situation in this case, as the director in his official capacity is directly affected by the prohibition action instituted by appellants. Their failure to include the director in the prohibition proceedings flaws their action.

As the director of revenue is an indispensable party to the prohibition proceedings seeking to halt the hearing on the tax assessment, it follows that venue for such action is in Cole County where the director's principal office is maintained. *State ex rel. Spradling v. Bondurant,* 501 S.W.2d 527 (Mo.App.1973).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.

1. The appellants were forewarned of the necessity of joining the director of revenue in the prohibition action—a warning which they disdained.