**In the Matter of Kevin Michael MULDERIG (Muldering).**

No. 47554.

Missouri Court of Appeals, Eastern District, Division Four.

May 1, 1984.

---

Richard L. Wieler, Atty. Gen., Jefferson City, for appellant.

Frank A. Anzalone, Clayton, for respondent.

STEPHAN, Judge.

The Missouri Director of Revenue, Richard A. King, appeals from a decision of the Circuit Court of St. Louis County, reinstating the driving privileges of petitioner Kevin Michael Mulderig (Muldering).[1] We reverse that judgment and remand for the case to be dismissed for want of jurisdiction.

On February 4, 1981, petitioner was convicted of driving while intoxicated, a violation of a municipal ordinance of the City of Florissant. Pursuant to § 302.304, RSMo 1978, the Director of Revenue revoked petitioner's driving privileges, effective March 28, 1981, and so notified petitioner.

The petition for review was filed on November 23, 1981, alleging that the conviction for driving while intoxicated was invalid, because petitioner was convicted without being present, either personally or through counsel. On November 24, 1981, the circuit court entered a stay order against the revocation. On June 27, 1983, the court entered an order holding the conviction invalid and ordering reinstatement of petitioner's driving privileges. Although the circuit court's order states that the "Department of Revenue appears not," nowhere in the record, which is composed solely of the legal file, does it appear that the Director of the Department of Revenue

was made a party or even had notice of the filing of the petition.

The Director's first point is that the petition, having been untimely filed, conferred no jurisdiction upon the circuit court and the judgment is therefore a nullity. The petition filed November 23, 1981, states that the petitioner "has been notified" by the Director that his privilege of operating a motor vehicle "has been revoked, effective March 28, 1981." Section 302.311, RSMo 1978, permits a "licensee so aggrieved" to appeal to the circuit court for review of such an order "at any time within thirty days after notice that a license is ... revoked." If the petition is not filed within thirty days, the circuit court has no subject matter jurisdiction, and any relief granted to the petitioner is void. *Randles v. Schaffner*, 485 S.W.2d 1 (Mo.1972); *Frock v. Goldberg*, 591 S.W.2d 271 (Mo.App.1979). Although the fact that the petition for review was filed almost eight months after the effective date of the revocation would forcefully argue for the conclusion that the petition was filed out of time, we do not decide the case on that basis, for the record is silent as to when the thirty day period began to run. We are not advised when the notice was issued by the Director or received by the petitioner, only that the petitioner was aware of the revocation at the time the petition was filed.

The silence of the record in the foregoing respect underscores the merit of the Director's second attack on the judgment below: the failure of the petitioner to make the Director a party to the action was a jurisdictional defect requiring reversal. We agree and note that the Director's participation in this matter at the circuit court level, in all likelihood, would have resulted in a more informative record. For good reason, the Director has been held a necessary party in cases of this nature:

> A judgment of the nature apparently sought here, if effective, would of neces-

1. The petition filed in the circuit court is styled "In the Matter of Kevin Michael Muldering," Cause No. 465251. The order entered in that cause, from which this appeal was taken, shows the petitioner's name as "Mulderig." The petitioner has not filed a brief. Consequently, we include both spellings in the style of this case.

**184**

sity have to operate on him and directly affect him in the discharge of his duties as director of revenue. It is his official order that is to be reviewed de novo and to be sustained, set aside or modified ... It is vital that he in his official capacity be a named party defendant.

*Shepherd v. Department of Revenue*, 377 S.W.2d 525, 527 (Mo.App.1964).

Failure of the petitioner to join the Director of Revenue as a party defendant was a jurisdictional defect which renders the judgment below void. *Huffman v. Department of Revenue*, 523 S.W.2d 107 (Mo. App.1975); *Walsh v. Department of Revenue*, 668 S.W.2d 648 (Mo.App.1984). In light of the foregoing, we need not consider the Director's additional point that the action below was an unauthorized collateral attack on the conviction upon which the Director's action was based.

Accordingly, the judgment is reversed, and the cause is remanded with directions that it be dismissed for want of jurisdiction.

GAERTNER, P.J., and SMITH, J., concur.