George Steven **LAIBEN**,
Petitioner-Appellant,

v.

**STATE** of Missouri,
Defendant-Respondent.

No. 48173.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 22, 1985.

Robert Gerard Kister, Festus, for petitioner-appellant.

Marilyn G. Ruemmler, Pros. Atty., Hillsboro, for defendant-respondent.

KAROHL, Judge.

Petitioner-licensee filed an appeal for review of the revocation of petitioner's motor vehicle operator's license for a period of one year in the manner provided by Chapter 536, RSMo. on the authority of § 302.311, RSMo. 1978. After a hearing where the prosecuting attorney appeared on behalf of the Director of Revenue, the court denied relief and petitioner-licensee appeals.

■ Petitioner received a "NOTICE OF LOSS OF DRIVING PRIVILEGE, MISSOURI DEPARTMENT OF REVENUE" printed form. The document bears the imprint of the seal of the Department of Revenue and directs the licensee to mail his license to the Driver's License Bureau. The notice indicates that appellant's privilege to operate a motor vehicle in Missouri has been revoked because appellant has received twelve or more points due to a second conviction of blood alcohol content in excess of ten-hundredths of one percent. § 302.302.1(8) RSMo Supp.1984. The Director of Revenue's name is stamped at the bottom of the notice. The notice does not clearly reflect that the action of revocation was that of the Director of Revenue in his official capacity as opposed to an action of the Missouri Department of Revenue.

The petition is styled, "In the Matter of George Steven Laiben, Petitioner." No other party is specifically designated. The caption indicates that Richard A. King, Director of Missouri Department of Revenue should be served. The petition alleges that "[o]n or about the 16th day of February 1983 the Department of Revenue sent Notice to Petitioner ... that Petitioner's Missouri Driver's License will be revoked, effective March 11, 1983." It also alleges, "[t]hat said action by the Department of Revenue, is without authority at law." Nowhere in the body of the petition is Richard A. King, Director of Missouri Department of Revenue specifically identified as a party. Reluctantly we conclude that the Director of Revenue has not been made a party to the petition.[1]

1. Richard A. King acting in his official capacity was not listed as a party in the style of the case nor mentioned as a party in the body of the petition. The Notice of Appeal is styled, *George Steven Laiben v. State of Missouri.* However, at the time of the trial the judge identified the case as, *George Steven Laiben v. Richard King,* Director of Revenue. This statement is not sufficient to make Richard A. King a party to the case. See Rule 55.02 which requires that the title of the petition in a civil action name all of the parties.

It was held in *Walsh v. Department of Revenue,* 668 S.W.2d 648 (Mo.App.1984); *Huffman v. Department of Revenue,* 523 S.W.2d 107 (Mo.App.1975) and *Shepherd v. Department of Revenue,* 377 S.W.2d 525 (Mo.App.1964), that the Director of Revenue in his official capacity as a state officer has the ultimate duty and responsibility for the issuance, suspension and revocation of operator's licenses. It is the director in his official capacity and not the Department of Revenue who is a necessary party to these proceedings. *Walsh,* 668 S.W.2d at 649; *Shepherd,* 377 S.W.2d at 527. In view of these decisions the style for a petition for review under Chapter 536, as provided in § 302.311, should be John Doe, Petitioner v. Robert Smith, Director of Revenue.

As a necessary party to the proceedings was not made a party to the action the trial court did not have jurisdiction. *Matter of Mulderig,* 670 S.W.2d 182, 184 (Mo.App. 1984). Consequently, this appeal must be dismissed for lack of jurisdiction in the trial court.

PUDLOWSKI, P.J., and GAERTNER, J., concur.