Kaye E. PATTON,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE of
MISSOURI, Respondent–Appellant.

No. 16538.

Missouri Court of Appeals,
Southern District,
Division Two.

May 29, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., for respondent-appellant.

SHRUM, Judge.

The "Director of Revenue, State of Missouri" has appealed from a judgment of the Circuit Court of McDonald County, the effect of which was to prohibit the "Missouri Department of Revenue, Driver's License Bureau" from suspending the driving privilege of Kaye E. Patton. Patton, the respondent in this appeal, will be referred to here as petitioner, his designation in the trial court.

Petitioner filed his initial pleading with the circuit court pursuant to § 302.311 [1] because he had received notice of a suspension of his Missouri driver's license based on an Arkansas conviction of driving while intoxicated. He conceded that he had been convicted of that offense in March of 1989, and raised no question about the regularity of that conviction, the notice thereof to Missouri authorities, or the notice thereafter received from the Missouri Director of Revenue assessing eight points and imposing a 30-day suspension. Rather, he contended that the suspension, authorized by § 302.160 in conjunction with certain other provisions,[2] was arbitrary, capricious and unreasonable. The petitioner complained that he had suffered certain penalties in Arkansas, including suspension of his driving privilege there, but that all penalties and conditions had been fulfilled so that to now add a Missouri suspension would subject him to double jeopardy. The trial court's judgment does not mention double jeopardy, but emphasizes petitioner had completed a program for reinstatement in Arkansas and that his suspension in that state had terminated before the Missouri suspension was to begin. The judgment determined that the suspension by the "Director of Revenue ... is arbitrary, capricious and unreasonable." As earlier mentioned, "the Missouri Department of Revenue, Driver's License Bureau" was therefore enjoined from carrying out the suspension.

Section 302.160 states in pertinent part:

When the director of revenue receives notice of a conviction in another state ... which, if committed in this state, would result in the assessment of six, eight, or twelve points, he is authorized to assess the points and suspend ... the operating privilege when the accumulated points so require as provided in section 302.304; .... [3]

Judicial review of suspensions and revocations, including those under the statute just quoted, is provided for by § 302.311, which states in part:

[I]n the event that a license is suspended ... by the director, the ... licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is ... suspended.... Upon such appeal the cause shall be heard de novo and the circuit court may ... sustain the suspension ... by the director, [or] set aside or modify the same.... Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require.

Although the appeal provided for is from the action of the Director of Revenue, the record in the present case discloses that the styles and contents of all pleadings and orders, up until the filing of the notice of appeal, represented that the "Missouri Department of Revenue, Driver's License Bureau," by this or similar language, was the responding party. So far as discernible from the record, all service of documents and notices was directed only to the prosecuting attorney except that a setting notice was on one occasion also directed to the "Driver's License Bureau." Both at the trial and in the judgment the prosecuting attorney was noted as representing the "Missouri Department of Revenue, Driv-

---

1. Unless otherwise specified, statutory references are to the RSMo 1986.

2. The statute mentioned authorizes the same penalty of suspension for a foreign conviction as is otherwise provided for an equivalent Missouri conviction. The points and suspension meted out in this case are consistent with a first offense driving while intoxicated conviction in

Missouri. Sections 302.302.1; 302.304.2 and 302.304.3(1).

3. An amended version of this statute became effective shortly after the petition in the present case was filed. See § 302.160, RSMo Supp. 1989. It would provide for the same result as occurred here.

er's License Bureau" and it was against that entity that relief was granted in favor of petitioner.

Thereafter, a notice of appeal was filed in the name of the Director of Revenue. This appellant has filed a brief perpetuating the discrepancy and incorrectly stating a number of times that the Director of Revenue was prohibited by the trial court from carrying out the suspension. The petitioner has filed no respondent's brief.

■ There is a settled line of authority, beginning with *Shepherd v. Department of Revenue*, 377 S.W.2d 525 (Mo.App. 1964), that the Director of Revenue in his official capacity is a necessary party to actions judicially reviewing his acts of license suspension or revocation. *Id.* at 527. Although that opinion recognizes that the Director of Revenue, referred to repeatedly throughout Chapter 302, must necessarily perform tasks through authorized employees,[4] they "in final concept act for and on his behalf." *Id.* It is his conduct that is being reviewed and directed. Therefore, "[i]t is vital that he in his official capacity be a named party defendant." *Id.* at 528. In *Shepherd*, the petitioner had named the Department of Revenue, Safety Responsibility Unit and certain supervisory individuals as defendants. Relief was denied and the petitioner appealed. The party defect was said to be jurisdictional. Under the circumstances, because the trial court had denied relief anyway, it was necessary only to dismiss the appeal.

*Shepherd* has been consistently followed. *Laiben v. State*, 684 S.W.2d 943 (Mo.App. 1985); *Matter of Mulderig*, 670 S.W.2d 182 (Mo.App.1984); *Walsh v. Department of Revenue*, 668 S.W.2d 648 (Mo.App.1984); *Huffman v. Department of Revenue*, 523 S.W.2d 107 (Mo.App.1975). In those cases where the trial court had granted a petitioner's request despite the absence of the Director of Revenue as a named party, the

appellate court either reversed the void judgment or reversed and remanded with directions to dismiss the petition. *Mulderig; Walsh; Huffman.*

■ It is apparent that it makes no difference that the matter was not called to the trial court's attention or to this Court's attention on appeal. This Court is obliged to notice sua sponte the lower court's lack of jurisdiction to grant the relief stated in its judgment. *Huffman v. Department of Revenue, supra,* 523 S.W.2d at 108. Other points can be drawn from the cited, and other, cases which likewise do not change the result. For example, it is evident that naming the Department of Revenue, or some unit thereof, as a defendant is not the equivalent of naming the Director of Revenue.[5] *See Shepherd v. Department of Revenue,* 370 S.W.2d 381 (Mo.1963), wherein the Supreme Court held it did not have jurisdiction under then-existing principles because, among other things, the entity named was not the same as the state officer known as the Director of Revenue. The case was transferred to the appropriate court of appeals, following which the *Shepherd* case earlier noted was decided.

It can also be stated that the fact the Director of Revenue filed the notice of appeal and has perfected this appeal does not rectify the defect in parties. The Director of Revenue was also the "appellant" in *Matter of Mulderig,* supra, and in *Walsh v. Department of Revenue,* supra. The means by which the Director of Revenue, like any other person, may be deemed or become a party to a trial proceeding has been stated elsewhere. *Proctor v. Director of Revenue,* 753 S.W.2d 69, 70 (Mo. App.1988). Furthermore, even an appearance by the prosecuting attorney purporting to be on behalf of the Director of Revenue would not appear to thereby make the director a party or validate an appeal thereafter attempted by the director. *See*

---

**4.** See § 302.010(5).

**5.** The correct style should take the form: "John Doe, Petitioner v. Robert Smith, Director of

Revenue." *Laiben v. State,* supra, 684 S.W.2d at 945.

*Munson v. Director of Revenue,* 783 S.W.2d 912, 915 (Mo. banc 1990).[6] Certainly where, as in the present case, the prosecutor appeared on behalf of the named Department of Revenue, there is not even a suggestion the director should for that reason be regarded as a party. *Cf. Walsh v. Department of Revenue,* supra.

Having no jurisdiction, the trial court's judgment was absolutely void, *Huffman v. Department of Revenue, supra,* 523 S.W.2d at 108. Having no jurisdiction of the subject matter to which its order was addressed, the order should be set aside. *Randles v. Schaffner,* 485 S.W.2d 1 (Mo. 1972). Accordingly, the judgment is reversed. The cause is remanded with directions that it be dismissed for want of jurisdiction. *In re Marriage of Southard,* 733 S.W.2d 867, 869 (Mo.App.1987).

HOGAN, C.J., FLANIGAN, P.J., and MAUS, J., concur.

Henry B. Robertson, Deborah B. Wafer, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

---

6. *Munson* was not a case where the Director of Revenue was required to be, or even could be, a party to the cause in the trial court. The appeal was dismissed because taken by an unaggrieved stranger to the case contrary to the general provisions of § 512.020. The earlier *Proctor* case, from this Court, was of similar effect.

There was therefore no question about the validity of the trial court's order from a jurisdictional point of view. That is unlike the present case in which the trial court had no power to make the particular adjudication it did make. A mere dismissal would not correct this.