**John P. SCOTT, II,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.**

No. 62521.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for defendant/appellant.

David C. Collignon, Curtis, Oetting, Heinz, Garrett & Soule, Clayton, for petitioner/respondent.

REINHARD, Judge.

The Missouri Director of Revenue (Director) appeals from a decision of the Circuit Court of St. Louis County purporting to reinstate the driving privileges of petitioner, John P. Scott, III.[1] We reverse and remand with directions that the cause be dismissed for want of subject matter jurisdiction.

On or about February 28, 1992, Director notified petitioner that his driving privileges were to be suspended for thirty days, effective April 6, 1992, because of accumulation of eight or more points within an eighteen-month period. On March 6, 1992, petitioner filed a petition for review in circuit court, pursuant to § 302.311, RSMo1986. This petition styled the action as: "In Re the Matter of: John P. Scott, III, Driver's License Number S035–5265–2898–9418". On the same day, the court issued an order staying suspension of petitioner's driving privileges and set the cause for hearing on the call docket of May 18, 1992. On May 15, 1992, the court issued another stay order, and set the cause for trial on July 13, 1992. The captions of both stay orders listed "Director of Revenue, Department of Revenue, State of Mo." as respondent in the cause; the record indicates that copies of these orders were sent to the Department of Revenue. A hearing was held; Director appeared through counsel and presented evidence. The court ruled in favor of petitioner and ordered his driving privileges reinstated.

Director filed notice of appeal with this court, styling the action as: "John P. Scott, II, Plaintiff, vs. Director of Revenue, State of Missouri, Defendant." Director subsequently filed the following documents with the court: "Contents of Record on Appeal", "Entry of Appearance", "List of Issues Expected to be Raised on Appeal", "Statement of the Case", "Listing of Parties and Attorneys", "Appellant's Brief", and "Appellant's Reply Brief". Each of these documents is captioned: "John P. Scott, II, Respondent, v. Director of Revenue, State of Missouri, Appellant."

Director was not named as a party in the original pleadings, nor later added as a party by appropriate court order. Director asserts on appeal that petitioner's failure to join him as a party defendant deprived the trial court of subject matter jurisdiction to enter its order.

■ In this case we are confronted with technical nonjoinder of a necessary party who, despite nonjoinder, entered an appearance and unsuccessfully litigated the merits of the cause. Our courts have consistently held that the Director must be named, in his official capacity, as a party

---

1. We note that petitioner is identified as both "John P. Scott, II" and "John P. Scott, III" in documents filed with this court. Neither party has addressed this discrepancy, and it need not be resolved for the purposes of this appeal.

defendant in actions seeking circuit court review of suspension and revocation orders. As the court in *Shepherd v. Department of Revenue*, 377 S.W.2d 525, 527 (Mo.App.1964) stated, "[I]t is clear that the director of revenue is a necessary party to any appeal authorized by Section 302.311 taken from a driver's or chauffeur's license suspension or revocation order of the director of revenue made under authority of color of the powers granted him in Chapter 302." The *Shepherd* court also noted:

> The general rule concerning the omission from a case of a necessary party is stated in 3 Am.Jur., Appeal and Error, Section 311, page 70, "It is well settled that the objection cannot be raised for the first time on appeal or writ of error, except in the case of the nonjoinder of indispensable or necessary parties, in which latter case the objection may ordinarily be raised for the first time in the appellate court, unless the complaining party is himself responsible for such defect." And see, 39 Am.Jur., Parties, Section 5, pages 852–854. In *Miller v. Davis*, 136 Tex. 299, 150 S.W.2d 973, 136 A.L.R. 177, it was held that the absence of a necessary party to an action is fundamental and jurisdictional to such an extent it must be considered by an appellate court. We think this is particularly true where the necessary party is a state officer given by statute the ultimate responsibility for the licensing order at issue, and whose presence or lack of presence as a party defendant determines appellate jurisdiction.

*Shepherd*, 377 S.W.2d at 528.

At issue here is whether Director's appearance at trial cured the jurisdictional defect of nonjoinder and rendered the circuit court competent to enter its order. The cases support Director's position. In *Proctor v. Director of Revenue*, 753 S.W.2d 69 (Mo.App.1988), the court dismissed the Director's appeal from the trial court's denial of motions to quash *ex parte* court orders which had granted limited driving privileges to individuals whose privileges had been previously revoked by Director. The court held that it did not have jurisdiction to consider the appeal because,

as a nonparty, Director had no right to appeal. The court stated:

> For one to be a party to a civil lawsuit, as the term party is used in our statutes and rules, a person must not only have some actual and justiciable interest susceptible of protection, but also must either be named as a party in the original pleadings, or be later added as a party, by appropriate trial court orders, through utilization of court rules and statutes regarding joinder of parties, interpleader, intervention, and other procedures authorized by Rule 52 and Chapter 507 of the Missouri Revised Statutes.

*Proctor*, 753 S.W.2d at 70 (citation omitted); *see also Munson v. Director of Revenue*, 783 S.W.2d 912 (Mo. banc 1990).

The court in *Kelley v. Missouri Department of Revenue*, 827 S.W.2d 767, 768 (Mo.App.1992), held that service on Director, reference to him on the docket sheet as the respondent, and naming Director in the body of a stay order failed to make Director a party. Similarly, in *Walsh v. Department of Revenue*, 668 S.W.2d 648, 649 (Mo.App.1984), we ruled that appearance through counsel by the Department of Revenue and its denomination as a party on the trial court's order was insufficient to support subject matter jurisdiction.

In *Patton v. Director of Revenue*, 789 S.W.2d 882, 884 (Mo.App.1990), Director appealed from a circuit court order prohibiting the "Missouri Department of Revenue, Driver's License Bureau" from suspending petitioner's driving privileges. Petitioner failed to designate Director as a party defendant in his petition; "the styles and contents of all pleadings and orders, up until the filing of the notice of appeal, represented that the 'Missouri Department of Revenue, Driver's License Bureau,' by this or similar language, was the responding party." Service was made upon the prosecuting attorney, who subsequently appeared on behalf of the named Department of Revenue. The *Patton* court found that "the fact the Director of Revenue filed the notice of appeal and has perfected this appeal does not rectify the defect in parties", and held that the failure of petitioner

to name Director as a party defendant deprived the trial court of subject matter jurisdiction. *Patton,* 789 S.W.2d at 884.

■ In the case at bar, Director was not named as a party defendant in the petition, and was not subsequently joined as a party by court order. We have no evidence that Director was given appropriate service of process notifying him of the filing of the petition. While the stay orders are captioned with Director as respondent, copies of these orders were mailed to the Department of Revenue, not to the Director's office. In spite of Director's appearance at trial, we are constrained by established precedents to hold that the failure of petitioner to join Director as a party defendant was a jurisdictional defect which renders the judgment below void.

The judgment is reversed and the cause remanded with directions that the petition be dismissed for want of jurisdiction.

AHRENS, P.J., and CRIST, J., concur.