v.

**DIRECTOR OF REVENUE, Appellant.**

No. WD 48638.

Missouri Court of Appeals,
Western District.

May 17, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Jeremiah W. Nixon, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Bruce H. Beckett, Andrew S. Flach, Smith, Lewis, Beckett, Powell and Roark, Columbia, for respondent.

Before TURNAGE, C.J., and FENNER and SPINDEN, JJ.

TURNAGE, Chief Judge.

T.L.D.[1] filed a petition in the Circuit Court of Boone County seeking expungement of either his 1969 "DWI" conviction or his 1982 "BAC" conviction pursuant to § 577.054, RSMo 1991 Cum.Supp. The court entered an order expunging the 1982 conviction. The Director of Revenue filed a motion to set aside the order on the ground that the Director was a necessary party but that T.L.D. had failed to name the Director as a party. The court overruled the Director's motion and the Director appeals.

The Director contends that she was a necessary party to an action for expungement and the failure to name her as a party deprived the court of jurisdiction to order expungement. Reversed and remanded.

T.L.D. filed an action in the circuit court styled "In re: The Application of T.L.D." The application alleged that T.L.D. was convicted in January 1969 of driving while intoxicated and sought expungement of that conviction under § 577.054. In the alternative, the application alleged that T.L.D. had been convicted in November 1982 of driving with excessive blood alcohol content and sought expungement of the record of that conviction. The prayer of the application was that the clerk of the circuit court be directed to forward a copy of the order of expungement to the Department of Revenue so that the conviction could be expunged from T.L.D.'s driving record.

The court entered an order that official records of T.L.D.'s conviction for driving with excessive blood alcohol content entered on November 9, 1982 be expunged and that T.L.D. be restored to the status he occupied prior to such conviction the same as if such conviction had never been entered.

The Director filed a motion to set aside the expungement on the ground that the court lacked jurisdiction because the Director is a necessary party to an expungement proceeding but T.L.D. failed to name the Director as a party. The court overruled that motion.

The question presented is whether or not the Director of Revenue is a necessary party to any proceeding filed pursuant to § 577.054 for the expungement of records of alcohol related driving offenses. Section 577.054 provides:

> After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-related driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordation of his arrest, plea, trial or conviction. If the court determines, after hearing, that such person has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application for expungement, and has no other alcohol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court shall enter an order of expungement. The effect of such order shall be to restore such person to the status he occupied prior to such arrest, plea or conviction and as if such event had never taken place. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failure to recite or acknowledge such arrest, plea, trial, conviction or expungement in response to any inquiry made of him for any purpose whatsoever and no such inquiry shall be made for information relating to an expungement under this section. A

1. This court sustained the motion of T.L.D. that he be referred to by initials only.

**638** ■ ⬛

person shall only be entitled to one expungement pursuant to this section. Nothing contained in this section shall prevent the director from maintaining such records as to ensure that an individual receives only one expungement pursuant to this section for the purpose of informing the proper authorities of the contents of any record maintained pursuant to this section.

This section provides that a person shall be entitled to only one expungement and that the director is to maintain records to ensure that a person receives only one expungement pursuant to the section. Section 577.054 does not require that the director be made a party. In *Shepherd v. Department of Revenue*, 377 S.W.2d 525, 528 (Mo.App.1964), this court confronted the question of whether or not the director was a necessary party in an appeal from an order of the director revoking a driver's license even though the statute did not require the director to be named as a party. This court held that "[a] judgment of the nature apparently sought here, if effective, would of necessity have to operate on him and directly affect him in the discharge of his duties as director of revenue." *Id.*

Just as in *Shepherd*, an order of expungement under § 577.054 operates upon the Director and directly affects her in the discharge of her duty as Director of Revenue. This for the reason that the statute places the responsibility upon the director to ensure that no one receives more than one expungement.

*Rule 52.04* provides that a person shall be joined in an action if, among other reasons, the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest.

■ It is obvious that the director has an interest in an application for an expungement of the record of an alcohol related driving offense because the director must ensure that a person does not receive more than one expungement. The statute reveals that the legislature is concerned that expungement be limited to those cases in which the applicant demonstrates a right to relief. The responsibility placed on the director to ensure that each person only receives one expungement carries with it the obligation to defend each action seeking expungement so that the court is fully informed and expungement will be entered only in those cases in which it is authorized.

■ *Shepherd* held that an objection based on the nonjoinder of a necessary party may be raised for the first time in an appellate court. Although the matter was raised in the trial court in this case, the court overruled such objection. Under *Shepherd*, it is proper for the director to raise the issue of the nonjoinder of a necessary party in this court.

T.L.D. relies upon *Munson v. Director of Revenue*, 783 S.W.2d 912 (Mo. banc 1990), in contending that the Director is not a necessary party. *Munson* involved an application for hardship driving privileges. The Court held that the director was not a necessary party because under the statute the director was notified subsequent to the conclusion of all proceedings. The Court held that the statute only required the petition for hardship driving privileges to be accompanied by a copy of the applicant's driving record certified by the director. The Court held that it remained only for the court to examine the certified driving record and determine as a matter of law whether the applicant was entitled to relief. 783 S.W.2d at 915. The statute did not impose any duty on the director. In contrast with the statute considered by the Court in *Munson*, § 577.054 places an affirmative duty on the director to ensure that an applicant receives only one expungement. To fulfill that duty, it is necessary that the director be named a party in an action for expungement.

The application of T.L.D. failed to include a necessary party and for that reason the judgment is reversed. *Gardner v. Blahnik*, 832 S.W.2d 919, 925[10] (Mo.App.1992). This cause is remanded with directions to order T.L.D. to name the Director of Revenue as a party in his application for expungement under § 577.054. The court may then hear the

matter on the merits with the benefit of participation by both parties.

All concur.