**DIRECTOR OF REVENUE, Appellant,**

v.

**Michael Terry KLENKE, Respondent.**

**No. 74135.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 2, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Gerard T. Diekman, Clayton, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment of dismissal of Director's petition for a trial de novo in an expungement action under Section 577.054, RSMo 1994.[1] In a case of first impression, we reverse and remand.

On April 1, 1985, Michael Terry Klenke pleaded guilty to driving while intoxicated before the Franklin County Circuit Court, City of Union Municipal Division (Municipal Court). Imposition of sentence was suspended and Klenke was placed on two years bench probation. This guilty plea was to Klenke's first alcohol-related driving offense

and did not involve a commercial motor vehicle.

In 1997, more than ten years after his plea of guilty, Klenke filed an application with the Municipal Court seeking expungement of his records pursuant to Section 577.054[2]. The action was styled "In re the Application of: Michael Terry Klenke." The municipal court ordered the expungement of all records relating to Klenke's conviction for driving while intoxicated. The order of expungement explicitly included records of any administrative action taken by Director.

Director filed a petition for trial de novo in circuit court seeking review of the decision of the Municipal Court to expunge Klenke's records. The circuit court dismissed Director's petition for lack of jurisdiction. The judgment of the circuit court stated:

> Trial de novos under section 512.180(1) are available only to cases tried before "an associate circuit judge." The parties have provided the Court with no indication of the source of this Court's authority to consider the matter de novo. The Court suspects that the Plaintiff must seek its relief in the appellate courts. The petition is dismissed as the Court believes it is without jurisdiction in the matter.

Director appeals from this judgment.

The circuit court's decision will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Director contends Section 479.200 allows defendants the right to seek in circuit court a trial de novo of a municipal court judgment. Director contends as a party to the expungement proceeding she would be in the position of a defendant and therefore, Director would have a right to seek a trial de novo from the

---

1. All statutory references are to RSMo, 1994 unless otherwise indicated.

2. Section 577.054 provides, in part: "After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-related driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial or conviction.

municipal court's judgment under the plain language of Section 479.200. We agree.

By its terms Section 479.200 is not restricted to a certain type of case but rather applies to

any case tried before a municipal judge. Section 479.200 provides:

> 1. In any case tried before a municipal judge who is not licensed to practice law in this state, the defendant shall have a right to trial de novo, even from a plea of guilty, before a circuit judge or an associate circuit judge.
>
> 2. In any case tried before a municipal judge who is licensed to practice law in this state or before an associate circuit judge, except where there has been a plea of guilty or the case has been tried with a jury, the defendant shall have a right of trial de novo before a circuit judge or upon assignment before an associate circuit judge.

The expungement case was tried before a judge of the Municipal Court of the City of Union. There is no indication as to whether the municipal judge was licensed to practice law in the state of Missouri. However, this expungement case did not involve a plea of guilty and was not tried before a jury. Therefore, it is not necessary to determine if the municipal judge was licensed to practice in this state. Because the prerequisites to application of Section 479.200 are met, Director has a right of trial de novo before a circuit court if Director is considered to be a defendant.

The Director is a necessary party and must be named in all Section 577.054 expungement proceedings. *T.L.D. v. Director of Revenue,* 879 S.W.2d 636, 638 (Mo.App. W.D.1994). Although Director was not named as a "defendant," Director was a party to the expungement proceeding and defended the Department of Revenue concerning what information should be expunged from Klenke's records. Director was in the position of the defendant in the expungement proceeding. Therefore, Director has the right of trial de novo before the circuit court pursuant to Section 479.200.

The circuit court misapplied the law concerning its jurisdiction over the matter of Director's petition for trial de novo. Therefore, the judgment of the circuit court dismissing Director's petition for a trial de novo from the municipal court's judgment is reversed and remanded for further proceedings consistent with this opinion.

KAROHL, J., and HOFF, J., concur.