

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | |
|---|---|
| JAMES E. BRIGHT, | ) ED103249 |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| JOHN MOLLENKAMP, ACTING | ) Municipal Court Division |
| DIRECTOR OF REVENUE, MISSOURI | ) of Town and Country |
| DEPARTMENT OF REVENUE, | ) 20292130 |
| | ) |
| and | ) |
| | ) Honorable Dean P. Waldemer |
| MISSOURI STATE HIGHWAY | ) |
| PATROL, | ) |
| | ) |
| and | ) |
| | ) |
| TOWN AND COUNTRY POLICE | ) Filed: February 16, 2016 |
| DEPARTMENT, | ) |
| | ) |
| Respondents. | ) |

## Introduction

James Bright (Appellant) appeals the judgment of the Circuit Court of St. Louis County, Municipal Division of Town and Country (Municipal Division)[1] denying Appellant's petition to expunge his arrest record. Because the Municipal Division lacked

---

[1] Though municipal divisions of circuit courts are commonly referred to as "municipal courts," we note that municipal courts as a separate entity were abolished in 1979 and their jurisdiction transferred to the circuit court of the circuit in which the municipality sits. MO. CONST. Art. 5, § 27. The municipal courts thereafter became divisions of the circuit courts. Art. 5, § 27.2(d).

jurisdiction to consider Appellant's petition, we reverse the judgment and remand for dismissal.

## Background

This case began in 2013, when Appellant filed a petition for expungement of criminal records regarding an alcohol-related offense in the Municipal Division.[2] After the Municipal Division denied Appellant's petition, Appellant attempted a series of methods to appeal that decision. Each attempt encountered issues regarding the statutory authority to consider such an appeal, culminating in a consent judgment from the circuit court remanding the matter to the Municipal Division "for rehearing and reconsideration, to permit the parties to have an opportunity to seek relief and/or appellate review." The Municipal Division again denied Appellant's petition for expungement, finding that it failed to meet the statutory requirements for expungement in that Appellant did not plead guilty to an alcohol-related offense. Appellant seeks review of that judgment here.

## Discussion

The right of appeal is purely statutory, and no right of appeal exists without statutory authority. Polk v. Essen, 249 S.W.3d 914, 918 (Mo. App. E.D. 2008). On its own motion, this Court directed the parties to address whether we have appellate authority over the present appeal. Though we acknowledge the difficulty Appellant has encountered in his attempts to seek review of the Municipal Division's decision, we must conclude that we are without authority to directly review the judgment of the Municipal Division in this case because we find the Municipal Division does not have statutory jurisdiction over expungement actions.

---

[2] Appellant was arrested for a first alcohol-related offense in January of 2003 and later pled guilty to the reduced charge of careless and imprudent driving in the Municipal Division.

2

Appellant filed his petition for expungement in the Municipal Division, under Section 577.054.1,[3] which provides the following:

> After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation . . . may apply *to the court in which he or she pled guilty* or was sentenced for an order to expunge from all official records all recordations of his or her arrest, plea, trial or conviction.

(emphasis added). Because Appellant pled guilty in the Municipal Division, he filed his initial petition for expungement there.

However, "the jurisdiction of a municipal [division] is limited to hearing and determining violations of municipal ordinances." Frech v. City of Columbia, 693 S.W.2d 813, 815 (Mo. banc 1985) (citing Section 479.020.1: "municipal judge[s] . . . shall have original jurisdiction to hear and determine all violations against the ordinances of the municipality"). The present action was not to determine whether a municipal ordinance violation occurred, but a petition for expungement of records under Missouri state statute. The Municipal Division is not vested with jurisdiction to hear such a petition.[4]

Instead of filing in the Municipal Division, Appellant must file his petition for expungement in the circuit court in which the Municipal Division is located. Municipal courts are a division of the circuit courts. Section 489.020.5; City of Kansas City, Mo. v. Fasenmeyer, 907 S.W.2d 195, 198 (Mo. App. W.D. 1995) (noting under Art. V, Section 27(2)(d) of Missouri Constitution, municipal courts were abolished and transferred to

---

[3] All statutory references are to RSMo. (Supp. 2013), unless otherwise indicated.

[4] We acknowledge this Court's decision in Director of Revenue v. Klenke, 988 S.W.2d 82 (Mo. App. E.D. 1999), discussing an expungement petition in a municipal division under Section 577.054, which the municipal division granted. There, the Director of Revenue had requested a trial *de novo* in the circuit court, which the circuit court denied. Id. at 83. This Court reversed, holding Section 479.200 (allowing defendants aggrieved in municipal judgments to request trial *de novo* in circuit court) was applicable to the Director as the defendant in the expungement action. Id. at 84. However, the jurisdiction of the municipal division in the first instance over expungement was not raised in that case.

3

new municipal division of circuit court). Thus, petitioners seeking expungement of records are fully in compliance with Section 577.054 by filing their petitions in the circuit court corresponding to the municipal division in which they were convicted.[5]

Appellant's argument that by the same token, the fact that municipal courts are now divisions of the circuit courts should allow us to review a decision directly from a municipal division, as we would from a circuit court, is misplaced. Appellant relies on the general civil appeals statute, Section 512.020, allowing "[a]ny party . . . aggrieved by any judgment of *any trial court* in any civil case" to appeal "to a court having appellate jurisdiction." (emphasis added). The problem with classifying a municipal division as a "trial court" under Section 512.020 is that municipal divisions are courts of limited statutory jurisdiction and do not generally make a record of proceedings.[6] Thus, even if the Municipal Division had jurisdiction over expungement petitions, the lack of a formal record would deprive this Court of the ability to conduct meaningful review. Cf. State v. Smith, 454 S.W.2d 539, 540 (Mo. 1970) (declining review because record did not "sufficiently develop facts essential to a meaningful review"). Section 512.020 does not provide Appellant a means of appeal from a judgment of the Municipal Division here.

Similarly, though Section 577.054 directs petitioners to file their expungement requests in the court in which they pled guilty, we decline to read that statement—lacking

---

[5] However, we note the legislature could clarify the language in Section 577.054 by simply directing parties to file for expungement in the circuit court, as in petitions for expungement of arrest records in Section 610.123.

[6] In general, municipal divisions do not create such records, which is why Section 479.200 provides a means for defendants to request a trial *de novo* in circuit court should they be found guilty of an ordinance violation in a municipal division. A limited exception exists for counties chartered under Article VI, Section 18 of the Missouri Constitution. Section 66.010.1 allows the municipal divisions of such counties to prosecute county ordinances, and subsection 8 allows for a record to be made. This subsection also explicitly provides a direct appeal to the appellate court in such a case. No such explicit right of appeal exists from the Municipal Division of Town and Country.

any corresponding means of creating a record[7]—as implicitly creating jurisdiction over expungement actions in municipal divisions or a right of appeal from judgments on expungement petitions in municipal divisions to this Court. While we are sympathetic to Appellant's argument and agree that some means of review must be afforded for any civil action, creating a means of direct review of a municipal judgment here to address that issue would be anomalous and unworkable. Instead, we are constrained here by the legislature's choice not to include expungement actions in its limited delegation of power to municipal divisions, and the corresponding lack of a provision for direct appeals of such expungement actions from municipal divisions.

Because the Municipal Division did not have jurisdiction over Appellant's petition, we do not have jurisdiction over the merits of the appeal, but only supervisory authority to confine the Municipal Division to its jurisdiction. See State v. Joordens, 347 S.W.3d 98, 101 (Mo. App. W.D. 2011) (quoting In re Estate of Shaw, 256 S.W.3d 72, 77 (Mo. banc 2008)) ("while appellate courts do not have jurisdiction to consider the merits of an appeal unless the circuit court had jurisdiction to determine the issues presented on their merits, appellate courts inherently have supervisory authority to confine a trial court to its jurisdiction" (internal quotation omitted)). The Municipal Division's judgment here, entered without jurisdiction, is void. See Bauer v. Bd. of Election Comm'rs, 198 S.W.3d 161, 164 (Mo. App. E.D. 2006). We reverse the judgment and remand for dismissal. Id.

Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

---

[7] Section 479.200 provides for the creation of a record through a trial *de novo* in the circuit court, and Section 66.010.8 provides for creating a record in a municipal division. Section 577.054 does neither.

5