**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES BALL; SARAH BALL,
individually and on behalf of J.B.,

       Plaintiffs-Appellants,

v.

MARIBETH MAYFIELD; ROSIE
HOLMES; DANNY THOMAS; JOSEPH
LEIKER; DEANN TAYLOR; MARK
ROBERTSON; JOANN CARPER;
TEENA CARPER; SCOTT CARPER,

      Defendants-Appellees,

and

DIVISION OF CHILD AND FAMILY
SERVICES, Davis County; HEATHER
BAKER; DOES 1-10,

      Defendants.

No. 12-4126
(D.C. No. 1:11-CV-00028-DS)
(D. Utah)

---

**ORDER AND JUDGMENT[*]**

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

———————————————

The *Rooker-Feldman* doctrine[1] "bars federal courts from reviewing the judgments and decisions of state courts once they have become final." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.7 (10th Cir.), *cert. denied*, 133 S. Ct. 2831 (2013). Plaintiffs-appellants James and Sarah Ball appeal from the district court's memorandum decision dismissing their claims for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, or, in the alternative, granting judgment on the pleadings under Fed. R. Civ. P. 12(c) to defendants-appellees. We affirm.

## I. Background

The Balls brought this civil rights suit under 42 U.S.C. § 1983 after the State of Utah's child abuse investigation and custody proceedings regarding their daughter, J.B. In their amended complaint, the Balls asserted seven claims for relief against four categories of defendants: (1) the Division of Child and Family Services ("DCFS"); (2) five DCFS employees who were directly involved with the investigation of the Balls' home (Maribeth Mayfield, Heather Baker, Rosie Holmes, Danny Thomas, and Joseph Leiker); (3) two supervisory DCFS employees who were not directly involved in the investigation (Deanne Taylor and Mark Robertson); and

———————————————

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

(4) the "Carper Defendants," three members of Sarah Ball's family who allegedly prompted the investigation.  Ms. Baker was never served, however, and was never made a party to the case.  Generally, the Balls asserted that the Carper Defendants spearheaded a plan to cause DCFS and its employees (the State Defendants) to remove J.B. from their care based on a religious disagreement over how she was being raised, and that the actions taken by the State Defendants to achieve the removal of J.B. from their home violated their constitutional rights.[2]

The State Defendants (other than Ms. Baker) answered the complaint and then moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), asserting that they were protected either by sovereign immunity under the Eleventh Amendment and/or the Utah Governmental Immunity Act, or they were entitled to qualified immunity because the Balls' amended complaint failed to allege a violation of their constitutional rights, and the law was not clearly established that removing a child from her parents' custody pursuant to a facially valid state-court order was

---

[2]    The Balls' seven causes of action are:  (1) infringement of their right of association without substantive due process (against all defendants); (2) lack of procedural due process and failure to protect their right to privacy (against defendants Mayfield, Baker, and Thomas); (3) failure to properly supervise and train defendants Mayfield, Baker, Holmes, and Leiker (against defendants DCFS and Robertson); (4) ratifying the conduct of defendants Mayfield, Baker, Holmes, and Leiker (against defendants DCFS and Robertson); (5) following a policy, practice, and custom to condone the conduct of defendants Mayfield, Baker, Holmes, and Leiker (against defendants DCFS and Robertson); (6) intentional infliction of emotional distress (against defendants Mayfield, Baker, Holmes, and Leiker); and (7) negligent infliction of emotional distress (against defendants Mayfield, Baker, Holmes, and Leiker).

unconstitutional. The Carper Defendants also answered the complaint and then moved for judgment on the pleadings. They argued that they were not state actors for purposes of § 1983 and that, even if they were deemed to be state actors, they were entitled to qualified immunity because they reasonably reported suspected danger to J.B. to the relevant state authorities. The Balls opposed both motions.

The district court granted judgment to defendants on all claims. With regard to the State Defendants, the court dismissed the claims against DCFS because the Balls did not challenge DCFS's assertion of sovereign immunity. The court further pointed out that the Balls did not include any factual allegations in their amended complaint against either of the supervisory defendants, so they necessarily failed to allege the supervisors' personal participation in an alleged constitutional violation, and their claims against Ms. Taylor and Mr. Robertson in their official capacities were barred by sovereign immunity.

The court further found that all of the state employees acting in their individual capacities were entitled to qualified immunity because the Balls' allegations of harassment, lying, and discrimination were "conclusions with insufficient factual support," Aplt. App. at 192, and their "claims amount[ed] to opinion, conclusory statements, and subjective beliefs," *id.* at 195. The court explained that even deliberate falsehoods told by state officials were protected by qualified immunity because the Balls could have challenged the allegedly false statements in the state custody proceeding, and that their only well-pled factual

- 4 -

allegations—that the State Defendants investigated their home based on a complaint of suspected abuse and then established conditions for their daughter to remain in the home—did not show a constitutional violation. Finally, the court concluded that the state employees were protected against claims in their individual capacities by sovereign immunity under the Utah Governmental Immunity Act. The court therefore granted judgment on the pleadings to the State Defendants.

With regard to the Carper Defendants, the court agreed that they were not state actors under any of the applicable tests. In addition, the court reasoned that even if the Carper Defendants were state actors, they were entitled to qualified immunity because the Balls failed to show that reporting suspected child abuse violates clearly established law. The court dismissed the Balls' sole claim against the Carper Defendants.

The Balls filed this appeal, challenging only "the District Court's dismissal of claims against the Direct State Defendants, the Supervisory State Defendants, and the Carper Defendants." Aplt. Opening Br. at 6. They argued that the factual allegations in their amended complaint were sufficient: (1) to support the claims asserted against the state employees directly involved with the investigation; (2) to show the necessary affirmative link between the supervisors' exercise or control, or failure to supervise or control, the employees who were directly involved in the investigation, and the supervisors were therefore not immune from suit; and (3) to show that the Carper Defendants acted jointly with the State Defendants and should therefore be

deemed state actors who were not qualifiedly immune from suit. Upon consideration, we ordered a limited remand for the district court to consider whether it lacked subject matter jurisdiction over any of the Balls' claims under *Rooker-Feldman*. The district court ordered briefing from the parties.

On October 17, 2013, the district court entered a memorandum decision dismissing the Balls' claims without prejudice for lack of subject matter jurisdiction under *Rooker-Feldman*. D.C. No. 1:11-cv-0028-DS, Doc. 79, at 9. The court vacated its orders dismissing the Balls' claims on the merits, but incorporated its prior merits analysis and decision in its October 17, 2013, memorandum decision by reference, "[t]o the extent that the *Rooker-Feldman* doctrine does not apply to any causes of action." *Id.* at 7 n.1. We then ordered supplemental briefing from the parties addressing the court's order of dismissal based on *Rooker-Feldman*.

## II. Issues on Appeal and Discussion

The *Rooker-Feldman* doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (internal quotation marks omitted). "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "Mere conclusory allegations of jurisdiction are not enough." *Id.*

The Balls rely on *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193-94 (10th Cir. 2010), a Utah case where we held that some claims related to a state custody order were barred by *Rooker-Feldman*, but other claims that were "extricable" from the state-court order were not similarly barred. The Balls argue that their amended complaint states substantive and procedural due process claims that are not barred, as in *Jensen*, *see id.* at 1194.

Defendants argue that the Balls' appellate supplemental brief on jurisdiction is inadequate to establish the district court's jurisdiction over their claims. They point out that the Balls rely for their proof on a brief summary of alleged misrepresentations made prior to the entry of the State's custody order, but these few misrepresentations are alleged to have been made by Ms. Baker and DCFS, who are not parties to this appeal because the Balls never served Ms. Baker and did not appeal the dismissal of DCFS based on sovereign immunity. Defendants argue that the Balls have not carried their burden to establish jurisdiction over the parties based on a summary of allegations against non-parties.

We agree that the Balls' supplemental brief fails to establish that any of their seven claims against the defendants-appellees clear the *Rooker-Feldman* hurdle. The Balls must show that their claims do not require the district court to engage in "a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Jensen*, 603 F.3d at 1193 (internal quotation marks omitted). Yet, their only argument is that a few

misrepresentations were made prior to the state-court order by DCFS and Ms. Baker, two non-parties to the appeal.

The Balls have offered no authority holding that allegations against non-parties can establish federal court jurisdiction over claims against *the parties* to this appeal, and our decision in *Jensen* suggests that allegations against non-parties are not sufficient. *See id.* at 1194 (holding that the Jensens' substantive and procedural due process claims survived *Rooker-Feldman*, "[w]ithout addressing every underlying factual allegation *against each defendant here*") (emphasis added). The Balls' declaration that their substantive and procedural due process claims are like those we allowed to proceed to the merits in *Jensen* is conclusory and insufficient to carry their burden on these two claims. *Cf. id.* (examining the elements of the Jensens' claims to determine whether the facts required to be proved would "invite federal-court undoing of" a state-court order in violation of *Rooker-Feldman*). In addition, the Balls merely list their other five claims; the absence of any argument at all on those five claims reveals their brief to be insufficient to establish that any of them is not barred by *Rooker-Feldman*. We therefore affirm the district court's dismissal for lack of jurisdiction.

Moreover, even if the Balls established the district court's jurisdiction to hear their claims, we would affirm the district court's conclusion that the Balls failed to

show that defendants-appellees were not entitled to qualified immunity.[3]  A defendant's motion to dismiss based on an affirmative defense raised in an answer, such as immunity, is accurately described as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  *See Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011).  "We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a [Fed. R. Civ. P.] 12(b)(6) motion."  *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (internal quotation marks omitted).  The standard governing motions to dismiss is that set out by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

---

[3]      Our cases are unclear whether we are permitted to address the merits without first considering *Rooker-Feldman*'s jurisdictional commands.  In one case, we concluded that when a jurisdictional hurdle is premised on a statutory, as opposed to constitutional, command, we can assume jurisdiction to dispose of patently weak claims on the merits.  *See Yancey v. Thomas*, 441 F. App'x 552, 555 n.1 (10th Cir. 2011); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit.").  In another case, we left "for another day" a decision as to whether a question of *statutory* jurisdiction could be bypassed, noting support from three other circuits for that view.  *Abernathy v. Wandes*, 713 F.3d 538, 557 n.17 (10th Cir. 2013) (citing cases from the First, Second, and Third Circuits), *cert. denied*, 82 U.S.L.W. 3609 (U.S. Apr. 21, 2014) (Nos. 13-7723 & 13A298); *see also In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013). *Rooker-Feldman*'s basis as a jurisdictional prerequisite is a product of the negative inference arising from 28 U.S.C. § 1257(a), which grants the United States Supreme Court exclusive jurisdiction over direct appeals from state court judgments. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006).  Faced with a purely statutory directive, these cases suggest we can elide complicated jurisdictional issues surrounding the application of *Rooker-Feldman* in favor of a merits-based decision in appropriate circumstances.

(2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Brown*, 662 F.3d at 1162-63.

"We accept the well-pled factual allegations in the complaint as true, resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (citation omitted) (internal quotation marks omitted).

On appeal, the Balls argue that "the District Court should have looked more closely at the sufficiency of the allegations in the amended complaint," Aplt. Opening Br. at 8, that "[t]he complaint outlines specific acts by identifiable parties on particular dates," *id.* at 9, and that "these allegations are plausible," *id.* They argue that "[t]he allegations in the amended complaint reveal an abundance of falsifications without which the Balls would not have been deprived of their constitutional rights," *id.* at 10, that "[o]nly the most lax supervision" could account for the investigating employees' actions, *id.* at 12, and that "the Carper Defendant[s'] plan to remove J.B. from the care of James and Sarah ran seamlessly into the DCFS investigation that continued the Carper Defendant[s'] campaign of false reports against the Balls," *id.* at 13.

The Balls never, however, even mention their seven claims for relief in their opening brief on appeal; in fact, they only clearly advert to one of their claims (interference with privacy). They argue in conclusory fashion that the factual allegations in their amended complaint were sufficient—without showing that their allegations tie any defendant to any element of any claim for relief. Indeed, the Balls

did not include *any* alleged action taken by defendants Holmes, Leiker, Taylor, or Robertson in their statement of facts, and they also do not set out any allegations showing that the Carper Defendants acted jointly with the State Defendants.

We have reviewed the district court's merits analysis incorporated by reference in its October 17, 2013, memorandum decision. The court reviewed the Balls' complaint under the appropriate legal standards, and we affirm the court's conclusions for substantially the reasons stated in its orders.

Affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge