# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3550
_____

Northwest Title Agency, Inc.

*Plaintiff - Appellant*

v.

Minnesota Department of Commerce; Michael Rothman; Dennis D. Ahlers; Jason Broberg, individually

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 9, 2017
Filed: May 8, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Plaintiff Northwest Title Agency, Inc. (NWTA) had its insurance license revoked and sanctions of $20,000 imposed by the Minnesota Department of Commerce after it concluded that NWTA had violated Minnesota law. The Minnesota Court of Appeals affirmed the sanctions. NWTA subsequently filed this

federal lawsuit under 42 U.S.C. § 1983 against the Minnesota Department of Commerce and others (collectively, the defendants), alleging that they had violated NWTA's federal rights. The district court[1] dismissed the case under a <u>Rooker Feldman</u> theory and after concluding NWTA's claims were barred by res judicata. NWTA appeals, and we affirm.

I.

NWTA is a Minnesota corporation and was a licensed title insurance producer from 2007 until 2012. In 2011 the Minnesota Department of Commerce (the Department) began investigating NWTA on the basis of anonymous information it had received that indicated NWTA was violating Minnesota law. After a contested administrative hearing an administrative law judge (ALJ) determined that NWTA had violated Minnesota's licensing statute for closing agents and title insurance licensing statute, among other things. The ALJ's recommended findings and conclusions were adopted by the Commissioner of the Department, who retroactively revoked NWTA's insurance license and imposed a $20,000 fine.

NWTA appealed the administrative action to the Minnesota Court of Appeals. In that appeal, NWTA presented numerous claims including several federal constitutional claims related to the Department's seizure of documents from NWTA's office and the admission of hearsay evidence at the contested administrative hearing. The Minnesota Court of Appeals rejected NWTA's arguments and affirmed the sanctions. The Minnesota Supreme Court denied NWTA's petition for further review, and NWTA did not file a petition for a writ of certiorari with the United States Supreme Court.

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Hildy Bowbeer, United States Magistrate Judge for the District of Minnesota.

NWTA subsequently commenced this federal action under 42 U.S.C. § 1983, alleging that the defendants' actions in the administrative proceedings violated NWTA's federal rights. The defendants moved to dismiss and the district court granted the motion, deciding that NWTA's claims were barred by res judicata and a jurisdictional argument ("the Rooker Feldman doctrine"). NWTA appeals.

II.

The district court dismissed NWTA's complaint on two independent grounds. First, the court concluded that it lacked jurisdiction over NWTA's complaint, citing "the Rooker Feldman doctrine." See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923). Second, the court concluded that NWTA's claims were barred by res judicata. See State v. Joseph, 636 N.W.2d 322, 327 (Minn. 2001). Although we must ordinarily address questions of our own jurisdiction before reaching non jurisdictional questions, we have previously concluded that it is "permissible to bypass Rooker-Feldman to reach a preclusion question that disposes of a case." In re Athens/Alpha Gas Corp., 715 F.3d 230, 235 (8th Cir. 2013). We elect to do so here.

We review a district court order granting a motion to dismiss on the basis of res judicata de novo. Laase v. Cnty. of Isanti, 638 F.3d 853, 856 (8th Cir. 2011). The doctrine of res judicata stems from the Full Faith and Credit Statute, 28 U.S.C. § 1738, which obligates "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Id. (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)). When analyzing whether res judicata bars claims we apply the law of the forum that issued the first judgment. Id. We thus apply Minnesota law here.

As a preliminary matter, we note that NWTA has failed to present a meaningful argument regarding the district court's res judicata analysis. This raises the question

of whether NWTA has waived review of the district court's decision on this point. See United States v. Wearing, 837 F.3d 905, 910–11 n.6 (8th Cir. 2016) (per curiam) (arguments not sufficiently developed in opening brief are deemed waived). Assuming NWTA sufficiently preserved this issue for our review, however, we conclude that the district court correctly determined that its claims are barred by res judicata.

In Minnesota, res judicata will bar litigation of a claim when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). We have noted that "[r]es judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." Laase, 638 F.3d at 856 (quoting Brown-Wilbert, Inc. v. Copeland Buhl & Co., 732 N.W.2d 209, 220 (Minn. 2007)).

In its thorough and well reasoned opinion the district court concluded that each of the elements of res judicata are met in the present case, and we agree. First, exactly the same set of factual circumstances are at issue in this case as were at issue in the case before the Minnesota Court of Appeals. Second, although some of the defendants in this case were not parties to the state court case, the additional defendants "are so closely related to the state-court defendants, and their interests are so nearly identical, that it is fair to treat them as the same parties for purposes of determining the preclusive effect of the state-court judgment." Ruple v. City of Vermillion, 714 F.2d 860, 862 (8th Cir. 1983). Third, the state court case unquestionably resulted in a final judgment on the merits. Fourth, there is no evidence that NWTA was denied the opportunity fully and fairly to litigate this matter in Minnesota state court. See Joseph, 636 N.W.2d at 328–29. Moreover, NWTA has conceded that it not only could have, but did, present all of the claims in this lawsuit

-4-

to the Minnesota state courts in its prior case. We therefore conclude that NWTA's claims in this lawsuit are barred by res judicata.

III.

Accordingly, we affirm the judgment of the district court.

_____