# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4560

_____

Brian King

*Plaintiff - Appellant*

v.

The City of Crestwood, Missouri; John Newsham, in his official capacity, City of Crestwood Municipal Court Judge

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 13, 2017
Filed: August 13, 2018

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

SMITH, Chief Judge.

Brian King sued the City of Crestwood, Missouri ("City") after successfully defending himself in its municipal court against a charge that he violated an ordinance. Following the dismissal of the charge, Municipal Judge John Newsham ("Judge Newsham"), who presided over the matter, denied King's motion for costs and attorney's fees incurred in his defense. King sought redress by filing suit under

42 U.S.C. § 1983 against the City and Judge Newsham. He now appeals the district court's[1] dismissal of his action. We affirm.

## I. *Background*

In April 2013, King visited a bowling alley in Crestwood, a municipality located in St. Louis County. At closing time, several inebriated patrons became rowdy, and a fight involving two people ensued. King intervened, stopping the fight by drawing a gun. When police arrived, they brought the situation under control but made no arrests.

Several months later, the City filed an amended information in the Municipal Court of Crestwood, Missouri.[2] It charged King with violating Crestwood Municipal Code § 16.12, the City's disorderly conduct ordinance, and stated, "Upon information and belief, Defendant inserted himself into the altercation and, at some point, drew his firearm. Upon information and belief, Defendant pointed his firearm at [one of the combatants]." Complaint at 7, *King v. City of Crestwood, Missouri*, No. 4:16-cv-01383-AGF (E.D. Mo. Aug. 28, 2016), ECF No. 1.

King filed an answer in which he pleaded not guilty and, relying on Mo. Ann. Stat. §§ 563.026, .031, and .074, asserted the affirmative defense of justification. He filed a subsequent motion bolstering that defense.

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

[2]Circuit courts are Missouri's courts of original jurisdiction. Mo. Const. art. V, § 14. Pursuant to Missouri law, municipal courts are divisions of circuit courts and have limited jurisdiction. *See id.* § 27(2)(d); Mo. Ann. Stat. § 479.020. Municipal courts have original jurisdiction over ordinance violations. Mo. Ann. Stat. § 479.020.1. Notwithstanding an exception not relevant here, litigants in municipal court are entitled to a trial de novo in circuit court. *Id.* § 479.200.

After a bench trial, Judge Newsham found King not guilty of the charged violation. However, Judge Newsham did not expressly rule on King's affirmative defense. Several months later, King filed a motion pursuant to Mo. Ann. Stat. § 563.074 seeking an award of over $27,000 for the attorney's fees, costs, and expenses associated with his defense. Section 563.074 states:

> 1. Notwithstanding the provisions of section 563.016, a person who uses force as described in sections 563.031, 563.041, 563.046, 563.051, 563.056, and 563.061 is justified in using such force and such fact shall be an absolute defense to criminal prosecution or civil liability.

> 2. The court shall award attorney's fees, court costs, and all reasonable expenses incurred by the defendant in defense of any civil action brought by a plaintiff if the court finds that the defendant has an absolute defense as provided in subsection 1 of this section.

Judge Newsham subsequently held that the court did not have jurisdiction over King's petition for the fees and costs incurred in mounting his justification defense. He analogized King's case to *Bright v. Mollenkamp*, 482 S.W.3d 467 (Mo. Ct. App. 2016). The *Bright* court held that municipal courts lack jurisdiction to decide a petition for expungement. *Id.* at 468. In reaching that conclusion, the court considered municipal courts' status as divisions of circuit courts and that their jurisdiction is limited to ordinance violations. *Id.* at 468–69.

Instead of appealing the decision of the municipal court within the state court system, King filed this case in federal court. King alleged that the City and Judge Newsham, in his official capacity, violated his federal due process rights by not granting him attorney's fees, costs, and expenses available under state law. Count 1 alleged that Judge Newsham's order "establish[ed] a policy of 'no jurisdiction' to award costs and attorney fees under Missouri 'Justification' statutes" and sought the costs and fees that he requested from the municipal court, $250,000 in damages, and

a declaration that the "policy" is "unconstitutional and void." Complaint at 13. Count 2 sought a

> [j]udgment declaring Judge Newsham's Order of June 2, 2016 unconstitutional and void; that any and all judicial policies, practices, and customs purporting to avoid jurisdiction over "Justification" defenses arising out [of] the Federal and Missouri Constitution, statutes, rules, ordinances, and case law are Unconstitutional in violation of the 14th Amendment to the United States Constitution, together with any further relief and remedy allowed by law or equity.
>
> King prays Judgment of damages from Judge News[ham], jointly and severally with Crestwood, as in COUNT 1, acknowledging the District Court is obliged to follow the law of "judicial immunity" as expressed in *Pierson v. Ray* [, 386 U.S. 547 (1967)], while King advances his appeal that that decision be reviewed.

Complaint at 17–18 (italics added).

The defendants moved to dismiss. They argued: (1) the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine;[3] (2) the municipal judge's order was not a statement of policy of the City of Crestwood; (3) the claim against Judge Newsham is redundant to the claim against the city; (4) Eleventh Amendment and judicial immunity barred the suit; and (5) King failed to state a claim upon which relief may be granted.

The district court granted the motion to dismiss on the basis that King had failed to identify a municipal policy. The court noted that § 1983 liability only attaches to a municipality if a "violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or

---

[3]*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

supervise." *King v. City of Crestwood*, No. 4:16-cv-01383-AGF, 2016 WL 6995880, at *2 (E.D. Mo. Nov. 30, 2016) (quoting *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 699–700 (8th Cir. 2016)). It then determined that "[t]he only basis for municipal liability alleged by Plaintiff here is that Judge Newsham's actions in Plainitff's municipal case established an official policy of the City." *Id.* However, a "municipal judge's 'judicial decision made in a case that came before [him] on a court docket' is 'not a final policy decision of a type creating municipal liability under § 1983.'" *Id.* (alteration in original) (quoting *Granda v. City of St. Louis*, 472 F.3d 565, 569 (8th Cir. 2007)) (other citation omitted). Consequently, the court ruled that King had failed to state a claim against the City. The court also dismissed King's claim against Judge Newsham as redundant. *Id.* at 3 (citing *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). King appeals.

## II. *Discussion*

We review de novo a district court's grant of a motion to dismiss for failure to state a claim upon which relief may be granted. *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889–90 (8th Cir. 2001). We affirm the district court's holding that no municipal liability under § 1983 is present because the municipal court's ruling does not constitute a final municipal policy decision. Judge Newsham was not a policymaker, and relief under § 1983 is foreclosed.

### A. Rooker–Feldman *Doctrine*

The *Rooker–Feldman* doctrine "recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." [*Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492 (8th Cir. 2000)]. The doctrine precludes district courts from obtaining jurisdiction both over the rare case styled as a direct appeal, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), as well as more common claims which are "inextricably intertwined" with state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483,

103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The doctrine has its foundation in the Supreme Court's appellate jurisdiction statute, as well as a "concern[ ] with federalism and the proper delineation of the power of the lower federal courts." *Lemonds*, 222 F.3d at 495; 28 U.S.C. § 1257.

*Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (second alteration in original).

In the usual case, we are obligated to resolve an issue of subject-matter jurisdiction before reaching the merits of a claim. *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1017 (8th Cir. 2011) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–97 (1998)). However, we have stated that a court may bypass a "murky" *Rooker–Feldman* issue to dispose of a case on preclusion grounds "because our inquiries under preclusion law and the *Rooker–Feldman* doctrine . . . overlap." *In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013). The district court cited *Athens/Alpha* as justification for avoiding a *Rooker–Feldman* analysis and moving directly to the merits of King's claims. However, *Athens/Alpha* considered dispositive *preclusion* questions, not more general merits questions. *See Nw. Title Agency, Inc. v. Minn. Dep't of Commerce*, 685 F. App'x 503, 504–05 (8th Cir. 2017) (per curiam) ("[W]e have previously concluded that it is 'permissible to bypass *Rooker–Feldman* to reach a preclusion question that disposes of a case.' (quoting *Athens/Alpha*, 715 F.3d at 235)). Nonetheless, we think the principle announced in that case is applicable to the facts here.

In *Athens/Alpha*, we interpreted *Steel Co.* as allowing "a federal court [to] reach a merits question before deciding a statutory *standing* question." *Athens/Alpha*, 715 F.3d at 235 (citation omitted). Noting that *Rooker–Feldman* is a matter of statutory, and not Article III, standing, and *Rooker–Feldman* and preclusion questions are analyzed similarly, we stated that courts could circumvent the former to dispose of a case on the latter. *Id.* ("We therefore agree with the courts that have deemed it permissible to bypass *Rooker–Feldman* to reach a preclusion question that disposes

of a case." (citations omitted)). We recognized that this "rationale may not support bypassing all questions of statutory jurisdiction." *Id.* However, this case is easily resolvable on the merits against the party who resists dismissal on *Rooker–Feldman* grounds. Further, the Supreme Court's jurisprudence on the doctrine counsels somewhat against reliance upon it. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 287–88 (2005) (reversing court that dismissed on *Rooker–Feldman* grounds, stating that the doctrine "has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases" and noting that the Court has only twice used the doctrine as the basis of dismissal).

Whether *Rooker–Feldman* applies to the instant case is somewhat "murky." However, we are satisfied that the rationale of *Athens/Alpha* that allows us to consider a preclusion claim before a *Rooker–Feldman* claim may apply in similar circumstances where the merits easily result in dismissal. Accordingly, we conclude that it is reasonable to bypass *Rooker–Feldman* applicablility and consider the merits of King's claim.[4]

---

[4]*See, e.g.*, *First State Ins. Co. v. Nat'l Cas. Co.*, 781 F.3d 7, 10 (1st Cir. 2015) (declining to "unravel th[e] tangled skein" of limitations argument in arbitration appeal because the "case [was] easily resolved on the merits" (citation omitted)); *Ball v. Mayfield*, 566 F. App'x 765, 769 n.3 (10th Cir. 2014) (affirming dismissal on *Rooker–Feldman* grounds and, in dismissing on alternative merits grounds, collecting cases and stating, "Faced with a purely statutory directive, these cases suggest we can elide complicated jurisdictional issues surrounding the application of *Rooker–Feldman* in favor of a merits-based decision in appropriate circumstances."); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) (stating, in immigration case, "Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit." (citation omitted)).

B. *Municipal Liability*

The district court correctly held that King's failure to identify a municipal policy warranted dismissal. We stated in *Granda*, the case upon which the district court relied, that

> [a] claim brought against a municipality under § 1983 is sustainable only if a constitutional violation has been committed pursuant to an official custom, policy, or practice of the city, *see Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690–92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Williams v. Butler*, 863 F.2d 1398, 1400 (8th Cir. 1988), or is so pervasive among non policymaking employees of the municipality so "as to constitute a custom or usage with the force of law." *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003). Although a single act of a city official "whose acts or edicts may fairly be said to represent official policy" may give rise to municipal liability under § 1983, *Monell*, 436 U.S. at 694, 98 S. Ct. 2018, a municipality will only be liable under § 1983, where a city official "responsible for establishing final policy with respect to the subject matter in question" makes a deliberate choice among competing alternatives that results in the violation of constitutional rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).

472 F.3d at 568.

In *Granda*, Fayette Granda, a truant student's mother, was jailed by Municipal Judge Bettye Battle-Turner ("Judge Turner"), who presided over St. Louis, Missouri's truancy docket. *Id.* at 566. Granda sued the city and Judge Turner, arguing that her incarceration violated her due process rights. *Id.* The record suggested that Judge Turner's act was in contravention of the truancy ordinance. *See id.* at 567. However, even though St. Louis's mayor appointed Judge Turner, and Judge Turner made periodic reports to the city, the district court granted summary judgment to the city.[5]

---

[5]The claim against Judge Turner was dismissed pursuant to the doctrine of judicial immunity.

Granda appealed, and we affirmed. We reasoned that the municipal court is a division of a state court system subject to review within that system, and Judge Turner's action was a judicial decision, not a policy decision of the city:

> Judge Turner's order was a judicial decision made in a case that came before her on a court docket, and Granda does not appeal the district court's holding that the judge was entitled to judicial immunity. Granda fails to cite a single case where a municipality has been held liable for such a decision. We conclude that the judicial order incarcerating Granda was not a final policy decision of a type creating municipal liability under § 1983.

*Id.* at 569. There is no meaningful difference between the order challenged here and the order challenged in *Granda*.

"The municipal court is a division of the state circuit court, and review of a judge's decisions is to be sought in that court." *Id.* Therefore, Judge Newsham's order is "a judicial decision that is subject to review or reversal by higher state courts." *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) ("[T]he authority to make municipal policy is necessarily the authority to make *final* policy."); *Butler*, 863 F.2d at 1398 (holding city liable under § 1983 for termination by municipal judge, who exercised sole authority over court personnel matters, of court clerk in violation of her First Amendment rights)); *see also* Mo. Ann. Stat. § 479.200 (providing for de novo review of municipal court decisions in circuit courts). Even if the order, as King posits, "establish[ed] a policy of 'no jurisdiction' to award costs and attorney fees under Missouri 'Justification' statutes," Complaint at 13, because the decision was appealable, it did not establish a *final* policy as required under § 1983, *see Granda*, 472 F.3d at 569.[6]

---

[6]We also note that the availability of a remedy after the alleged deprivation forecloses the finding of a violation of King's due process rights. *See Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004) (citing *Hudson v. Palmer*, 468

Our conclusion is in accord with those of other courts. *See, e.g.*, *Mackey v. Helfrich*, 442 F. App'x 948, 950 (5th Cir. 2011) ("A county judge acting in his judicial capacity to enforce state law does not act as a municipal official or lawmaker. Only with respect to actions taken pursuant to his administrative role can a judge be said to institute municipal policy." (citation omitted)); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir. 2003) (collecting cases and holding that a municipal judge who allowed his clerk to sign warrants on his behalf even though he had not reviewed them was not a promulgator of municipal policy); *El-Amin v. Downs*, 272 F. Supp. 3d 147, 152 (D.D.C. 2017) ("Plaintiff's [§ 1983] claim against the District rests on the erroneous premise that the decision rendered by the presiding judge at his criminal trial constituted policymaking."); *Bliven v. Hunt*, 478 F. Supp. 2d 332, 337 n.2 (E.D.N.Y. 2007) (collecting cases).

King's arguments in opposition are unpersuasive. For instance, he states that under Mo. Ann. Stat. § 479.170.1, Judge Newsham's determination that the municipal court lacked jurisdiction over his petition for fees and costs obligated Judge Newsham to transfer the case to circuit court, not dismiss it. However, King's failure to raise this argument to the district court weighs against our considering it. *See Hartman v. Workman*, 476 F.3d 633, 635 (8th Cir. 2007). Additionally, that provision applies to criminal matters: "If . . . it shall appear to the [municipal] judge that the accused ought to be put upon trial for an offense against the criminal laws of the state and not cognizable before him as municipal judge, he shall immediately . . . cause the complaint to be made before some associate circuit judge." Mo. Ann. Stat. § 479.170.1. Therefore, that statute is irrelevant.

King also discusses at length legislative amendments to § 1983 concerning judicial immunity. However, the district court did not base its decision on the principle that Judge Newsham was immune from suit due to his status as a judge.

---

U.S. 517, 533 (1984)).

-10-

Rather, as discussed above, it concluded that Judge Newsham's order was not a final policy decision and, therefore, could not create liability for the City under § 1983. Accordingly, that argument is without merit. Additionally, King tries to distinguish *Granda* because it was decided at the summary judgment stage, not, as in his case, on a motion to dismiss. The distinction makes no difference here. The appealable nature of the defendant judges' rulings in both cases is a legal conclusion unaffected by the stage of the litigation.

Finally, King suggests that even if the complained-of conduct does not constitute a policy, it is representative of an unconstitutional custom. He points, for example, to the fact that the City's municipal court's disposition forms do not have a field for awarding costs to a defendant. However, no due process violation is present "if a meaningful postdeprivation remedy for the loss is available." *Clark*, 375 F.3d at 702 (quoting *Hudson*, 468 U.S. at 533). As discussed above, King could have sought a trial de novo in a circuit court. He might also have simply been able to re-file the petition in that court as a new case. *See Mollenkamp,* 482 S.W.3d at 469 ("Instead of filing in the Municipal Division, Appellant must file his petition for expungement in the circuit court in which the Municipal Division is located. Municipal courts are a division of the circuit courts."). The availability of further process within the state court system defeats this claim.

Judge Newsham's handling of King's case does not present a final policy or custom that can give rise to a § 1983 action. Because King failed to state a claim upon which relief can be granted, the district court's dismissal of the action was proper. Further, as "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity," a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named. *Veatch*, 627 F.3d at 1257 (citation omitted). Accordingly, dismissal of the claim against Judge Newsham was not erroneous.

## C. *Pendent State Claim*

Finally, King argues that if we affirm the district court's dismissal of his federal claims, we should remand to the district court to either adjudicate or dismiss without prejudice his pendent state law claim:

> [I]f for any reason the Court is unpersuaded, then at least remand to the district court to make plain that King's unlitigated, unresolved pending state claim set forth in his Verified Motion for attorneys fees, be separately identified and either adjudicated by the district court as a pendent state claim, or dismissed without prejudice.

Appellant's Br. at 40 (citation omitted).

A district court's decision not to exercise supplemental jurisdiction over a state law claim is reviewed for an abuse of discretion. *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (citation omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (alteration and ellipsis in original) (quoting *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004)). On this record, we cannot say that the district court abused its discretion.

### III. *Conclusion*

We affirm.

_____