# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3726
_____

Samuel Edward Trapp

*Plaintiff - Appellant*

v.

John Gunn; State of Missouri; John W. Grimm; Lauren McCubbin; Thomas Vincent Bender; Mischa Epps; Julia Lasater; Christa Barber Moss; Jason Arthur Paulsmeyer; Sam Phillips; Paul C. Wilson; John Doe I, Members of the Missouri Bar Client Security Fund Committee; John Doe, II, Members of the Board of Governors of the Missouri Bar

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: September 8, 2022
Filed: September 13, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Samuel Trapp, a Missouri attorney whose license to practice law was suspended indefinitely in 2014, appeals the district court's[1] dismissal of his civil complaint against various individuals and entities associated with the Missouri Bar and Missouri's licensing and disciplinary proceedings. Upon careful review, we affirm. *See Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007) (reviewing de novo dismissal for lack of jurisdiction under *Rooker-Feldman*[2] doctrine). We agree with the district court that Trapp's claims are barred under the *Rooker-Feldman* doctrine. *See Feldman*, 460 U.S. at 485-86 (holding that while lower federal courts have subject-matter jurisdiction over general constitutional challenges to state bar rules, they do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings); *see also Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir. 1997) (finding the district court could not review disbarred attorney's claims and grant relief without effectively reviewing and reversing the decisions of the Arkansas Supreme Court related to his disbarment; because federal claims were inextricably intertwined with the state case, the court lacked jurisdiction under *Rooker-Feldman*). We also conclude the district court did not err in dismissing Trapp's state law claims. *See* 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction); *King v. Crestwood*, 899 F.3d 643, 651 (8th Cir. 2018) (standard of review). Finally, we deny as moot the motion to dismiss filed by the State of Missouri and Chief Justice Wilson.

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

[2]*See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923).