# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2256
_____

Nuuth Amir Na'im

*Plaintiff - Appellant*

v.

Dexter Payne, Director, ADC;
Carol Chisom, DON, ADC (originally named as C Chison);
Loren Stringfellow, Dentist (originally named as Springfellow)

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: February 28, 2024
Filed: March 4, 2024
[Unpublished]
_____

Before COLLOTON, KELLY, and GRASZ, Circuit Judges
_____

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action alleging deliberate indifference to serious dental needs, Arkansas inmate Nuuth Na'im appeals the grant of summary

judgment in favor of Dr. Loren Stringfellow by the district court. [1] Having carefully reviewed the record and the parties' arguments on appeal, we affirm. *See Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (reviewing de novo grant of summary judgment). We agree Na'im failed to present any evidence to allow a reasonable jury to conclude Dr. Stringfellow was deliberately indifferent to Na'im's dental needs, as the record directly refutes Na'im's claims regarding Dr. Stringfellow's treatment or any delay in treatment. *See Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) (noting "a properly supported summary judgment motion is not defeated by self-serving affidavits"); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) (noting an inmate may not create question of fact merely by stating treatment was inadequate to oppose medical records and physician affidavits indicating care was provided and adequate); *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021) (noting a plaintiff must present medical evidence that provider's actions did not meet standard of care). We also conclude the district court did not err in relying on the experts' declarations submitted by Dr. Stringfellow. *Cf. United States v. Real Prop. Located at 3234 Washington Ave. N.*, 480 F.3d 841, 845 (8th Cir. 2007) (holding summary judgment should be denied if non-moving party's evidence materially undermines credibility of critical witness).

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state law medical malpractice and negligence claims. *See* 28 U.S.C. § 1367(c)(3); *King v. City of Crestwood*, 899 F.3d 643, 651 (8th Cir. 2018) (standard of review).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____

---

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, adopting the Recommended Disposition of the Honorable Edie R. Ervin, United States Magistrate Judge for the Eastern District of Arkansas.