## United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3223
_____

James A. Daly

*Plaintiff - Appellant*

v.

City of DeSoto, Missouri; Jeff McCreary

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 24, 2024
Filed: June 27, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and STRAS, Circuit Judges.
_____

PER CURIAM.

James Daly appeals following the district court's[1] adverse grant of summary judgment on his claims against his former employer, the City of DeSoto (the City),

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

alleging that he was retaliated against during his time as a sergeant with the City's police department, which ultimately culminated in his termination. Upon careful review, we conclude that summary judgment was proper. See Henry v. Johnson, 950 F.3d 1005, 1010 (8th Cir. 2020) (standard of review). As to the state-law retaliation claim, we agree with the district court that "the record lacks any instance or accumulation of events targeting Daly that a reasonable person objectively would consider so abusive or severe as to constitute an actionable hostile work environment." See Watson v. Heartland Health Labs., Inc., 790 F.3d 856, 864 (8th Cir. 2015); Thorn v. Amalgamated Transit Union, 305 F.3d 826, 831 (8th Cir. 2002). As to the First Amendment retaliation claim, we agree with the district court that Daly's termination was justified under the balancing test set out in Pickering v. Bd. of Educ., 391 U.S. 563 (1968), particularly as the City provided sufficient evidence that Daly's speech disrupted the City's operations. See Noon v. City of Platte Woods, 94 F.4th 759, 764 (8th Cir. 2024); Henry, 950 F.3d at 1012; Anzaldua v. Northeast Ambulance & Fire Prot. Dist., 793 F.3d 822, 835 (8th Cir. 2015). To the extent Daly also raised these claims against the chief of police in his official capacity, we conclude that the district court did not err in dismissing such claims as redundant. See King v. City of Crestwood, 899 F.3d 643, 650 (8th Cir. 2018); Rumery v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____