# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2265

_____

Devon Arseneau

*Plaintiff - Appellant*

v.

Elaine Pudlowski; Frankel, Ruben, Klein, Payne & Pudlowski, P.C.; James D. Reid; James D. Reid, Ph.D., LLC; Brian Dunlop; Dunlop & McCarter

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 12, 2024
Filed: August 7, 2024

_____

Before COLLOTON, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Devon Arseneau appeals the district court's[1] dismissal of her complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, we affirm.

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

## I. Background

Arseneau and her ex-husband litigated custody of their child in the St. Louis County Circuit Court. The state court appointed Elaine Pudlowski, an attorney with Frankel, Ruben, Klein, Payne & Pudlowski, P.C., and Brian Dunlop, an attorney with Dunlop & McCarter, to represent "the best interests of the minor child" as guardians ad litem. It also appointed James Reid, a psychologist with James D. Reid, Ph.D., LLC, to conduct psychological evaluations of both parents and a custody evaluation of the child. Following testimony from Pudlowski, Dunlop, and Reid, the state court ordered that Arseneau's ex-husband receive sole legal custody of the child and that the parents share joint physical custody.

After the state court issued judgment in the child custody dispute, Arseneau filed a 42 U.S.C. § 1983 lawsuit against Pudlowski, Dunlop, and Reid (collectively, the "defendants"), alleging that a variety of the defendants' actions during the state court proceeding violated her constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.[2] The defendants each filed a Rule 12(b)(6) motion to dismiss the complaint. According to the defendants, the district court lacked jurisdiction under *Younger* abstention and *Rooker-Feldman*. *See Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In addition, the defendants argued that Arseneau failed to state a claim upon which relief could be granted because the defendants were entitled to absolute immunity and had not acted under color of state law for purposes of § 1983. The district court granted the defendants' Rule 12(b)(6) motions after it concluded that the defendants were entitled to absolute immunity and had not acted under color of state law.[3] Arseneau appeals the district court's dismissal of her complaint.

---

[2]Arseneau does not appeal the dismissal of her claims against Frankel, Ruben, Klein, Payne & Pudlowski, P.C., Dunlop & McCarter, and James D. Reid, Ph.D., LLC.

[3]The district court did not address *Younger* abstention or *Rooker-Feldman*.

## II.  Discussion

### A.  Jurisdiction

We first address whether we lack jurisdiction under *Younger* abstention or *Rooker-Feldman*.  *Younger* abstention requires that federal courts "abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012).  There are no ongoing state court proceedings pertaining to the subject of this suit.  Thus, the first component of *Younge*r abstention is not met.

The "basic theory" of *Rooker-Feldman* is that "federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010) (internal quotation marks omitted).  As *Rooker-Feldman* is a matter of statutory, and not Article III standing, a federal court may bypass a "murky" *Rooker-Feldman* issue when the merits of a case "easily result in dismissal."  *King v. City of Crestwood*, 899 F.3d 643, 647-48 (8th Cir. 2018).  For the reasons discussed further in this opinion, the merits of this case "easily result in dismissal."  Thus, we conclude that "it is reasonable to bypass *Rooker-Feldman* applicability and consider the merits of [Arseneau's] claim." *Id.* at 648.

### B.  Dismissal for Failure to State a Claim

We next address whether the district court properly dismissed Arseneau's complaint under Rule 12(b)(6).  We review *de novo* the district court's decision to dismiss the complaint.  *Sorenson v. Sorenson*, 64 F.4th 969, 975 (8th Cir. 2023).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, which, when accepted as true and viewed in the light most favorable to the nonmoving party, states "a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When state officials perform duties that are "integral parts of the judicial process," they are entitled to absolute immunity from § 1983 lawsuits "as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." *Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005).  Guardians ad litem and court-appointed medical experts perform judicial functions that were granted immunity under common law at the time § 1983 was enacted. *Id.*  Therefore, they are entitled to absolute immunity when they perform duties that are "integral parts of the judicial process."  Guardians ad litem and court-appointed medical experts perform duties that are "integral parts of the judicial process" when they act within the scope of their judicial duties.  *McCuen v. Polk Cnty.*, 893 F.2d 172, 174 (8th Cir. 1990).

### 1.  Pudlowski and Dunlop

In her complaint, Arseneau alleges that Pudlowski mispresented her professional qualifications and a child protection order to the state court, and "questioned and attempted to retry the issues addressed" in the child protection order.  Arseneau alleges that Dunlop misrepresented his professional qualifications to the state court, intentionally blocked reporting of child abuse, refused to allow the child's therapist to testify, failed to seek therapy for the child, and told Arseneau and her attorney that she would lose legal custody of the child if she did not settle the case.

The majority of the conduct that Arseneau complains of falls squarely within the scope of Pudlowski and Dunlop's judicial duties as guardians ad litem.  As guardians ad litem to Arseneau's child, Pudlowski and Dunlop were required to conduct investigations, present oral and written testimony to the state court, and make a custody determination that was in the "best interests of the minor child."  *See*

Missouri Supreme Court, *Standards with Comments for Guardians Ad Litem in Juvenile and Family Court Division Matters*, Standard 4.0; *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376, 384-85 (Mo. Ct. App. 1993) (discussing the role of a guardian ad litem in Missouri); *McCuen*, 893 F.2d at 174 ("We think the absolute immunity to which guardians ad litem, inter alia, are entitled extends beyond oral testimony to providing their reports and recommendations to the family court."). Arseneau contends that Pudlowski and Dunlop exceeded the scope of their judicial duties when they engaged in "wrongful and illegal conduct." But guardians ad litem are entitled to absolute immunity for acts that occurred within the course of their court-appointed duties, even if their conduct was wrongful and illegal. "Absolute . . . immunity would afford only illusory protection if it were lost the moment [a state] officer acted improperly." *Martin v. Hendren*, 127 F.3d 720, 722 (8th Cir. 1997); *see Dornheim*, 430 F.3d at 922, 925 (holding that a guardian ad litem was entitled to absolute immunity even though the guardian ad litem allegedly interfered with a parent's right to make decisions for her child, made numerous *ex parte* communications with the state court judge and an attorney, violated various codes of ethics, and generally failed to meet her guardian ad litem responsibilities); *see also Weinstock*, 864 S.W.2d at 386 ("Extension of judicial immunity to guardians ad item in custody matters does not . . . remove all accountability. There are numerous mechanisms in place to prevent abuse and misconduct.").

An allegation against Dunlop arguably falls outside the scope of his role as a guardian ad litem. Arseneau alleges that Dunlop told Arseneau and her attorney that she would lose legal custody of the child if she did not settle the case. Aside from a conclusory statement in the complaint that Dunlop "threatened" Arseneau and her attorney with losing legal custody "[i]n Court chambers," Arseneau provides no details regarding the manner in which this apparent "threat" was effectuated. For all we know, Dunlop told the state court that legal custody should be awarded to Arseneau's ex-husband, and Arseneau interpreted this statement to be a "threat." As "we are not bound to accept as true a legal conclusion couched as a factual allegation," this allegation alone does not overcome the defendants' Rule 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).

Therefore, we conclude that the district court correctly dismissed Arseneau's § 1983 action against Pudlowski and Dunlop.

## 2. Reid

Arseneau alleges that Reid misrepresented his professional qualifications and various medical records to the state court, did not "report, investigate, or take seriously admitted homicidal ideations towards [Arseneau] and her current husband," falsely diagnosed Arseneau with borderline personality disorder, and improperly disclosed Arseneau's health condition to the state court in violation of the Health Insurance Portability and Accountability Act, Pub. L. No. 104-191, 110 Stat. 1936. Because the state court directed Reid to conduct psychological evaluations of both parents and a custody evaluation of the child, the acts of which Arseneau complains all occurred within the scope of Reid's judicial duties. *See Morstad v. Dep't of Corrs. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (noting that court-appointed medical experts enjoy "absolute immunity for the testimony and reports [they submit] to the court"). Arseneau contends that court-appointed medical experts exceed the scope of their judicial duties when they violate statutes like the Health Insurance Portability and Accountability Act. But court-appointed medical experts remain entitled to absolute immunity for acts that occurred within the course of their court-appointed duties, even if their conduct was, as Arseneau claims, "wrongful and illegal." *See Dornheim*, 430 F.3d at 922, 925 (holding that court-appointed medical experts were entitled to absolute immunity even though they allegedly violated various ethics codes, performed a medical examination of a child over a parent's objection, and told a parent that their findings "had to be consistent" with the finding of the court-appointed guardian ad litem). Thus, Reid is entitled to absolute immunity from Arseneau's § 1983 lawsuit.[4]

---

[4]Because we conclude that the defendants are entitled to absolute immunity, we do not address whether they acted under color of state law for purposes of § 1983.

## III. Conclusion

For the foregoing reasons, we affirm the district court's dismissal of the complaint under Rule 12(b)(6).

———————————————————